UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MONSTER CABLE PRODUCTS, INC.,<br><br>       Plaintiff,<br><br>  vs.<br><br>ACCELL CORPORATION, and<br>BIZLINK USA TECHNOLOGY, INC.,<br><br>       Defendants. | Case No.: 2:08-cv-230<br><br>COMPLAINT FOR PATENT, TRADEMARK, TRADE DRESS, AND COPYRIGHT INFRINGEMENT, INJURY TO BUSINESS REPUTATION, AND UNFAIR COMPETITION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Monster Cable Products, Inc. ("Monster Cable"), brings this action against defendants, and each of them, as follows:

### JURISDICTION AND VENUE

    1.    This action arises, inter alia, under 15 U.S.C. §1125 et seq.  Jurisdiction is therefore proper under 28 U.S.C. §1331.

    2.    Pendent or supplemental jurisdiction of this Court exists for the state law claims stated herein, each of which arise out of a common nucleus of operative facts with those from which the federal claims arise.

    3.    Venue in this judicial district is proper under 28 U.S.C. §1391 (b) and (c).  On information and belief, defendants have on a continual basis committed infringing acts alleged below within the District of this Court, in business interactions purposefully elicited by defendants with or directed to residents of said District, including, inter alia, actively soliciting

and causing infringing and other wrongful sales directed into the District, internet website advertising and promotion and other promotion and media advertising within said District, and other infringing acts within said District.

## THE PARTIES

4.  Plaintiff Monster Cable Products, Inc. is a corporation existing under the laws of California, with its principal place of business in Brisbane, California.

5.  Plaintiff is informed and believes, and based thereon alleges, that defendant Accell Corporation (hereafter "Accell") is a corporation existing under the laws of California, with its principal place of business in Fremont, California.

6.  Plaintiff is informed and believes, and based thereon alleges, that defendant Bizlink USA Technology, Inc. (hereafter "Bizlink"), is a corporation existing under the laws of California, with its principal place of business in Fremont, California.

7.  Plaintiff is informed and believes and thereon alleges that each and every defendant was the agent and employee of each of the remaining defendants, and in doing the things herein alleged acted within the course and scope of said agency and employment.

8.  Upon information and belief, defendant Accell is a division and an agent and alter ego of defendant Bizlink. On information and belief, there exists and existed at all relevant times herein a commonality of decision making between Bizlink and its wholly owned subsidiary Accell such that Bizlink exercised complete domination and control of Accell and the companies were operated in all essential aspects as one corporation and enterprise.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

9.  Since 1978, plaintiff Monster has been doing business in the United States, designing, manufacturing, and selling a broad array of electronic products and accessories, with a

particular focus on superior cables and power products for high-end audio and video components.

10.     Monster is now the world's leading manufacturer of high performance cables that connect audio/video components for home, car and professional use as well as computers and computer games.  Monster is likewise a leader in the design, manufacture and sale of surge protection power products for high-end audio and video components.

11.     Defendants design, manufacture, distribute and sell consumer electronics and connectivity products.  A general description of the goods and services offered by Accell and Bizlink are available from defendants' respective websites, www.accellcables.com (attached hereto as Exhibit A) and www.bizlinktech.com (attached hereto as Exhibit B).

12.     Among other things, Monster is known for its power conditioning and surge protection products for high-end audio and video components.  Such products possess distinctive features, such as color-coded, labeled black electrical outlets, LED's indicating status of power, grounding, and surge protection set into an elongated, recessed, center top strip and a distinctive metallic trapezoidal body with black end caps.

13.     Monster has patented its unique power strip design to prevent competitors from copying its products and confusing consumers as to the source of goods that are not genuine Monster products.  Specifically, Monster owns U.S. Design Patent No. D484,098 ("the '098 patent") for its unique ornamental design.  A true and correct copy of the '098 patent is attached hereto as Exhibit C.

14.     Defendants sell surge protection power products, including a ProPower Surge Protector that is strikingly similar to Monster's own patented product.

15. Additionally, Monster sells multiple lines of cable connectors that feature a single-piece, smooth contoured ornamental connector shell with a recessed annular groove. Monster has patented its unique connector shell design to prevent competitors from copying its products and confusing consumers as to the source of goods that are not genuine Monster products. Specifically, Monster owns U.S. Design Patent No. D505,390 ("the '390 patent") for its unique ornamental connector shell design. A true and correct copy of the '390 patent is attached hereto as Exhibit D.

16. Defendants infringe by selling multiple cable types employing a strikingly similar cable connector shell design possessing a single-piece, smooth contoured connector shell with a recessed annular groove.

17. Additionally, Monster Cable has acquired trademark rights, both at common law from and after said date and further by virtue of registrations with the United States Patent and Trademark Office, including, inter alia, federal Trademark Registration No. 3,040,944 ("MONSTER ULTRA"); as well as pending trademark Registration Application Nos. 77/190,978 ("ULTRA HIGH SPEED") and 77/346,199 ("M MONSTER ULTRA-HIGH SPEED 10.2 GBPS") (hereinafter collectively referred to as the "ULTRA- marks"), printouts (from the USPTO TESS database) of which are attached hereto as Exhibits E-G.

18. From a time preceding use by defendants, Monster has sold and currently sells a variety of cable and connector types under the ULTRA mark, including, *inter alia*: ULTRA Series HDMI to HDMI and HDMI to DVI Cables, ULTRA SERIES THX® Audio and Video Cables, ULTRA HIGH SPEED HDMI Cables, Z300 Ultra High-Resolution Precision Audio and Video Cables, and Ultra High Performance Cables.

19. Monster packages its HDMI and other cables in distinctive source-indicative packaging for which it holds a number of intellectual property rights, including design patent, copyright, and trade dress rights.

20. Monster has patented its unique package design to prevent competitors from copying its products and confusing consumers as to the source of the goods that are not genuine Monster products. Specifically, Monster owns U.S. Design Patent no. D405,367 ("the '367 patent") for its unique package design. A true and correct copy of the '367 patent is attached hereto as Exhibit H.

21. Defendants sell electrical cabling products and accessories, including a line of HDMI cables. The HDMI cables sold by defendants use packaging that is strikingly similar Monster's own patented packaging.

22. Monster Cable has extensively advertised and promoted its marks, including obtaining naming rights to the former Candlestick Park, home of the San Francisco 49ers. Moreover, Monster Cable has invested substantial time, energy and resources to develop said marks. Each of plaintiff's marks are strong marks, being inherently arbitrary, fanciful, distinctive or suggestive.

23. Monster Cable Products is also known for its "clear jacket" speaker cable. On June 18, 1991, Monster obtained a registered trademark for a design involving two clear-jacketed electrical signal transmitting cables. A printout of this registration (from the USPTO TARR database), No. 1,647,907, is attached hereto as Exhibit I.

24. Defendants sell electrical and cabling products and accessories across a variety of brands, including clear-jacketed speaker cable under the ACCELL brand name. Speaker cables

sold by defendants under the ACCELL brand name, including ULTRAAUDIO High Performance Speaker Cable, infringe trademark rights held by Monster.

## COUNT I
(Infringement of U.S. Design Patent No. D484,098)

25. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

26. On December 23, 2003, United States Patent No. D484,098 ("the '098 patent") was duly and legally issued and thereafter assigned to Monster Cable Products, Inc.

27. Defendant has infringed and continues to infringe the '098 patent by selling products, including the ProPower Surge Protector, embodying the patented design and will continue to do so unless enjoined by this court.

28. Monster has been damaged in an unascertained amount and will seek leave to amend this Complaint when the sum has been ascertained.

29. On information and belief, plaintiff alleges that the aforesaid acts were committed with willful intent, with knowledge of the lack of right to do so, and said acts have caused plaintiff damage.

Wherefore, plaintiff prays for judgment as hereafter set forth.

## COUNT II
(Infringement of U.S. Design Patent No. D505,390)

30. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

31. On May 24, 2005, United States Patent No. D505,390 ("the '390 patent") was duly and legally issued and thereafter assigned to Monster Cable Products, Inc.

32. Defendant has infringed and continues to infringe the '390 patent by selling products, including the ULTRA Series Analog, Digital Coaxial, Fiber Optic Digital, and Subwoofer Audio Cables for the Home, ULTRAVIDEO series BNC-to-BNC Video, Component Video, F-Pin (RF) Coaxial Video and S-Video Cables; and ULTRAAUDIO series RCA Analog Audio, Digital Coaxial Audio, Fiber Optical Digital Audio, and Subwoofer Audio; and ULTRAAV2 series Audio and Video Cable Kits embodying the patented design and will continue to do so unless enjoined by this court.

33. Monster has been damaged in an unascertained amount and will seek leave to amend this Complaint when the sum has been ascertained.

34. On information and belief, plaintiff alleges that the aforesaid acts were committed with willful intent, with knowledge of the lack of right to do so, and said acts have caused plaintiff damage.

Wherefore, plaintiff prays for judgment as hereafter set forth.

## COUNT III
(Infringement of U.S. Design Patent No. D405,367)

35. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

36. On February 9, 1999, United States Patent No. D405,367 ("the '367 patent") was duly and legally issued and thereafter assigned to Monster Cable Products, Inc.

37. Defendant has infringed and continues to infringe the '367 patent by selling products, including the ULTRAAV High Performance HDMI Audio/Video Cable in packages embodying the patented design and will continue to do so unless enjoined by this court.

38. Monster has been damaged in an unascertained amount and will seek leave to amend this Complaint when the sum has been ascertained.

39. On information and belief, plaintiff alleges that the aforesaid acts were committed with willful intent, with knowledge of the lack of right to do so, and said acts have caused plaintiff damage.

Wherefore, plaintiff prays for judgment as hereafter set forth.

## COUNT IV
### (Trademark Infringement - 15 U.S.C. § 1114)

40. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

41. On June 18, 1991, Monster obtained a registered trademark, No. 1,647,907 for a design involving two clear-jacketed electrical signal transmitting cables. Defendants' product design is confusingly similar to Monster's trademark.

42. Defendants' use of the dual-cable clear-jacket design for its speaker cable is likely to confuse consumers as to the source or origin of the product. Monster is a pioneer in selling high-quality clear jacket speaker cable, and this design is understood by consumers to be indicative of a Monster Cable product.

43. The aforesaid acts are intended to and likely to cause confusion in the marketplace as to the source, sponsorship, affiliation or authorization of the products being offered and distributed by defendants.

44. On information and belief, plaintiff alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon plaintiff's goodwill and business reputation, with knowledge of the lack of right to do so, and said acts have caused plaintiff damage.

Wherefore, plaintiff prays for judgment as hereafter set forth.

## COUNT V
### (Trademark Infringement - 15 U.S.C. § 1114)

45.     Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

46.     On information and belief, plaintiff alleges that defendants' use of the marks ULTRA, ULTRAAUDIO, ULTRAVIDEO, ULTRAAV, ULTRAAV2, ULTRACAM, ULTRARUN, ULTRA-SLIM and ULTRAFLEX and other ULTRA-derivative marks in association with its goods and services is likely to cause confusion, mistake and deception of the public as to the identity and origin of its goods, causing irreparable harm to Monster for which there is no adequate remedy at law.

47.     On information and belief, plaintiff alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon plaintiff's goodwill and business reputation, with knowledge of the lack of right to do so, and said acts have caused plaintiff damage.

Wherefore, plaintiff prays for judgment as hereafter set forth.

## COUNT VI
### (Trade Dress Infringement)

48.     Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

49.     Monster is a pioneer in designing, manufacturing and marketing high-quality power protection products and its distinctive surge protector designs are understood by consumers to be indicative of a Monster product.  By selling power strips that copy Monster's unique design, defendants' have misappropriated Monster's trade dress and falsely represented the origin of the relevant products, among other things, in violation of Section 43(a) of the Lanham Act.

50.     Monster is a pioneer in designing, manufacturing and marketing high-quality cables and its distinctive packaging designs are understood by consumers to be indicative of a

Monster product.  By selling cables in packages that copy Monster's unique design, defendants' have misappropriated Monster's trade dress and falsely represented the origin of the relevant products, among other things, in violation of Section 43(a) of the Lanham Act.

51.    Monster is a pioneer in designing, manufacturing and marketing high-quality cables and its distinctive cable designs are understood by consumers to be indicative of a Monster product.  By selling speaker cable consisting of a pair of stranded copper conductors each twisted into a rope lay and enclosed by transparent cylindrical insulation that copies Monster's unique design, defendants' have misappropriated Monster's trade dress and falsely represented the origin of the relevant products, among other things, in violation of Section 43(a) of the Lanham Act.

52.    The aforesaid acts are intended to and likely to cause confusion in the marketplace as to source, sponsorship, affiliation or authorization of the products being offered and distributed by defendants.

53.    Monster has been damaged in an unascertained amount and will seek leave to amend this Complaint when the sum has been ascertained.

54.    On information and belief, plaintiff alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon plaintiff's goodwill and business reputation, with knowledge of the lack of right to do so, and said acts have caused plaintiff damage.

### COUNT VII
(Copyright Infringement)

55.    Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

56.    Defendants have infringed plaintiff's copyrights by copying the images and text on plaintiff's product packaging and internet website listings at www.monstercable.com without

permission.  Defendants are competitors and have access to plaintiff's product packaging and internet website listings through the normal channels of commerce.  The striking similarity between plaintiff's website and packaging images and text on the one hand, and defendants' packaging on the other, indicates that defendants copied portions of text and images on plaintiff's product packaging and website listings.

57. Plaintiff has filed an application for copyright registration of said images and text and will seek leave of the Court to amend this Complaint with the registration number once said registration issues.

58. Monster has been damaged in an unascertained amount and will seek leave to amend this Complaint when the sum has been ascertained.

59. On information and belief, plaintiff alleges that the aforesaid acts were committed with willful intent, with knowledge of the lack of right to do so.

Wherefore, plaintiff prays for judgment as hereafter set forth.

## COUNT VIII
(Unfair Competition - 15 U.S.C. § 1125(a))

60. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

61. Defendants' use of confusingly similar trademarks, copyright protected material, trade dress and patent protected product and packaging designs to promote, market, or sell products in competition with Monster Cable's products is likely to cause confusion, mistake, and deception among consumers and constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a).

Wherefore, plaintiff prays for judgment as hereafter set forth.

## COUNT IX
(Common Law Injury to Business Reputation)

62. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

63. Monster Cable alleges that defendants' use of confusingly similar trademarks, copyright protected material, trade dress and patent protected product and packaging designs inures and creates a likelihood of injury to Monster Cable's business reputation because persons encountering defendants' products and services will believe that defendants are affiliated with or related to or have the approval of Monster Cable, and any adverse reaction by the public to defendants and the quality of its products and the nature of its business will injure the business reputation and goodwill of Monster Cable.

64. On information and belief, plaintiff alleges that the aforesaid acts were committed with willful intent, with knowledge of the lack of right to do so, and said acts have caused plaintiff damage.

### **PRAYER FOR RELIEF**

Wherefore, plaintiff prays for judgment as follows:

1. For damages, including, defendants' profits, disgorgement, restitution or other compensation or monetary remedy, according to proof;

2. For punitive, exemplary and/or treble damages, according to proof;

3. For an award of attorneys' fees and costs;

4. For preliminary and permanent injunctive relief, enjoining defendants, and each of them, from continuing to engage in unauthorized sales and infringement of Monster's patent, trademark, copyright and trade dress intellectual property rights, from continuing to engage in unfair competition, and continuing to injure Monster Cable's business reputation.

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY

Pursuant to Rule of Civil Procedure 38, plaintiff hereby demands trial by jury of the above-entitled matter.

Dated this 5th day of June, 2008.

/s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
DeLeith Duke Gossett
State Bar No. 24036662
Ramey & Flock, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 FAX
ericf@rameyflock.com
dgossett@rameyflock.com

Robert W. Payne
State Bar No. 24061375
LaRiviere Grubman & Payne, LLP
19 Upper Ragsdale Drive, Suite 200
PO Box 3140
Monterey, CA 93942
(831) 649-8800
Fax (831) 649-8835
rpayne@lgpatlaw.com